**Clara M. BOVEIA, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 89–2682.**

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1990.

Decided July 12, 1990.

Publication Ordered July 31, 1990.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Joyce Shatteen, Dallas, Tex., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Clara Boveia appeals from the order of the District Court [1] for the Eastern District of Arkansas granting summary judgment in favor of the Secretary of Health and Human Services (Secretary) and dismissing with prejudice her application for social security disability insurance benefits. We affirm.

On March 27, 1984, Boveia filed an application for disability insurance benefits, alleging disability since February 12, 1984, due to arthritis of the spine. Boveia amended her application to reflect a disability onset date of March 1981. An administrative hearing was held on October 16, 1984. Boveia submitted, inter alia, that she had no self-employment income whatsoever, and no earnings in 1971, 1972, 1975, or 1978. On October 29, 1984, Boveia submitted income tax returns for 1972 and 1976–1978. The 1972, 1977, and 1978 Schedules C and SE showed only the name

1. The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Arkansas, to whom the case was referred for final disposition.

of Boveia's spouse. The 1976 Schedule C showed the names of both Boveia and her spouse and indicated a net income of $688.90; the Schedule SE showed only the name of Boveia's spouse. Boveia also filed written statements indicating that she had an unspecified amount of self-employment earnings in 1972, 1976, and 1977.

On February 19, 1987, a supplemental administrative hearing was held, at which Boveia and her husband testified regarding Boveia's employment in the family air-conditioning and used-appliance businesses from 1972 through 1980. Boveia also submitted two statements by a friend and neighbor corroborating that she worked in her husband's business. The ALJ concluded that Boveia was not insured for purposes of disability insurance benefits, as she had only 18 of the requisite 20 quarters of coverage. The Appeals Council adopted the ALJ's decision, and Boveia filed a complaint in federal district court; the case was referred to a magistrate.

The magistrate granted summary judgment in favor of the Secretary and dismissed Boveia's complaint. Specifically, the magistrate found substantial evidence to support the Secretary's decision that Boveia failed to comply with 42 U.S.C. § 405(c)(4), which required her "to show that *she* filed a timely tax return of *her* self-employment income." The magistrate noted that the tax returns for the years 1972, 1977, and 1978 failed to meet these requirements, because the Schedules C and SE indicated that only Boveia's husband was involved in the business; and the 1976 tax return, although indicating both names on the Schedule C, did not entitle Boveia to additional quarters of coverage, as she failed to meet the $400 minimum earnings requirement under 42 U.S.C. § 411(b)(2). On appeal, Boveia claims the Secretary erroneously failed to credit her with one-half of all self-employment income earned by the family business for the years 1972 and 1976–1978.

Upon careful review, we agree with the district court that Boveia was not entitled to an earnings-record credit based upon self-employment income for the years in question.

Accordingly, the district court judgment is affirmed. *See* 8th Cir.R. 14.